IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BETTYJEAN LEIALOHA KAMOKU and SOLOMON KAMOKU II, | ) ) | Civ. No 06-00037 ACK/LEK |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COUNTRYWIDE HOME LOANS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

<u>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>


**I.   Background**

On January 20, 2006, BettyJean Leialoha Kamoku
("BettyJean") and Solomon Kamoku II (collectively "Plaintiffs")
instituted this action by filing an Amended Complaint Bill in
Equity ("Complaint") against Countrywide Home Loans ("Defendant"
or "Countrywide"). The Complaint is somewhat difficult to parse,
however, the Court construes the Complaint (with its exhibits) as
alleging that Defendant owns the note and underlying mortgage
(the "Note" and "Mortgage") that BettyJean executed to purchase a
house in Hawaii. Plaintiffs allege that pursuant to an
administrative decision (which apparently allegedly found that
Plaintiffs paid Defendant all sums due under the Note and
Mortgage), Plaintiffs no longer owe any balance to Defendant on
the Note and Mortgage. <u>See</u> Complaint at 1-2. Plaintiffs allege

that Defendant owes Plaintiffs the sum of $114,511.73 on the
Mortgage and Note.  See id.

On May 24, 2006, Defendant filed a Motion for Summary
Judgment ("Motion"), Memorandum in Support of Motion for Summary
Judgment ("Memo in Support"), and Separate and Concise Statement
of Facts ("Concise Statement").  Plaintiffs did not file an
opposition to the Motion or a concise statement of facts.  On
July 14, 2006, the day after any opposition was due, Plaintiffs
filed a Verified and Actual Constructive Notice of Plaintiffs'
Declaration to the Court ("Notice"), stating that Plaintiffs "do
not hold priority in these matters presented before this
court."[1/]  On July 21, 2006, Defendant filed a Reply in Support
of the Motion.  The Court held a hearing on the Motion on July

---

[1/]Plaintiffs may have filed the Notice in support of a
separate motion filed by non-parties Alfred Spinney and Lorraine
Kamoku, entitled Motion Pursuant to FRCP Rule 17(A) and for
Continuation of Time To Respond To Defendants Motion for Summary
Judgment.  On July 28, 2006, the magistrate judge denied that
motion, finding that (1) Plaintiffs did not establish reasons
justifying a continuance of the summary judgment hearing and (2)
to the extent the motion could be construed as a motion by Alfred
Spinney and Lorraine Kamoku to intervene, the motion is denied
because those non-parties (a) are not entitled to intervention as
a matter of right because they did not establish that they have a
significantly protectable interest in the loan account at issue
and (b) are not entitled to permissive intervention because they
did not identify what their claims are in this case and, as a
result, the court could not determine whether there are common
questions of law or fact between Plaintiffs' action and the non-
parties' proposed action.  See Order Denying Plaintiffs' Motion
Pursuant to FRCP Rule 17(A) and for Continuation of Time to
Respond to Defendants Motion for Summary Judgment (July 28,
2006).

31, 2006.

## II.  Standard

### A.  Summary Judgment Standard

The purpose of summary judgment is to identify and dispose of factually unsupported claims and defenses.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Summary judgment is therefore appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."[2/]  Fed. R. Civ. P. 56(c).

"A fact is 'material' when, under the governing substantive law, it could affect the outcome of the case.  A genuine issue of material fact arises if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[3/]  Thrifty Oil Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n, 310 F.3d 1188, 1194 (9th Cir. 2002) (quoting Union Sch.

---

[2/] Affidavits made on personal knowledge and setting forth facts as would be admissible at trial are evidence that a court may consider when determining whether a material issue of fact exists.  Fed. R. Civ. P. 56(e).  Legal memoranda and oral argument are not evidence and do not create issues of fact.  See British Airways Bd. v. Boeing Co., 585 F.2d 946, 952 (9th Cir. 1978).

[3/] Disputes as to immaterial issues of fact do "not preclude summary judgment."  Lynn v. Sheet Metal Workers' Int'l Ass'n, 804 F.2d 1472, 1478 (9th Cir. 1986).

Dist. v. Smith, 15 F.3d 1519, 1523 (9th Cir. 1994)) (internal citations omitted).  Conversely, where the evidence "could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 289 (1968)).

The moving party has the burden of persuading the Court as to the absence of a genuine issue of material fact.  Celotex, 477 U.S. at 323.  The moving party may do so with affirmative evidence or by "'showing'--that is pointing out to the district court-that there is an absence of evidence to support the nonmoving party's case."  Id. at 325.  All evidence and reasonable inferences drawn therefrom are considered in the light most favorable to the nonmoving party.  See, e.g., T.W. Elec. Serv. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630-31 (9th Cir. 1987).  So, too, the Court's role is not to make credibility assessments.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  Accordingly, if "reasonable minds could differ as to the import of the evidence," summary judgment will be denied.  Id. at 250-51.

Once the moving party satisfies its burden, however, the nonmoving party cannot simply rest on the pleadings or argue that any disagreement or "metaphysical doubt" about a material issue of fact precludes summary judgment.  See Celotex, 477 U.S.

4

322-23; <u>Matsushita Elec.</u>, 475 U.S. at 586; <u>Cal. Arch. Bldg.</u>

<u>Prods., Inc. v. Franciscan Ceramics, Inc.</u>, 818 F.2d 1466, 1468

(9th Cir. 1987).  Nor will uncorroborated allegations and "self-

serving testimony" create a genuine issue of material fact.

<u>Villiarimo v. Aloha Island Air, Inc.</u>, 281 F.3d 1054, 1061 (9th

Cir. 2002); <u>see</u> <u>also</u> <u>T.W. Elec. Serv.</u>, 809 F.2d at 630.  The

nonmoving party must instead set forth "significant probative

evidence" in support.  <u>T.W. Elec. Serv.</u>, 809 F.2d at 630.

Summary judgment will thus be granted against a party who fails

to demonstrate facts sufficient to establish an element essential

to his case when that party will ultimately bear the burden of

proof at trial.[4/]  <u>See</u> <u>Celotex</u>, 477 U.S. at 322.

### B.    Special Considerations for a Pro Se Litigant

A pro se litigant's pleadings must be read more

liberally than pleadings drafted by counsel.  <u>Haines v. Kerner</u>,

404 U.S. 519, 520-21 (1972); <u>Wolfe v. Strankman</u>, 392 F.3d 358,

---

[4/] When the moving party also has the burden of proof in an
element of a claim, it has the "burden of establishing a prima
facie case on the motion for summary judgment."  <u>UA Local 343 of
the United Ass'n of Journeymen v. Nor-Cal Plumbing, Inc.</u>, 48 F.3d
1465, 1471 (9th Cir. 1995).  Upon showing a prima facie case, the
burden of production shifts and it becomes "incumbent on [the
nonmoving party] to 'set forth specific facts showing that there
is a genuine issue for trial,' by evidence cognizable under that
rule."  <u>Id.</u> (quoting Fed. R. Civ. P. 56(e)); Charles Alan Wright
<u>et al.</u>, Federal Practice & Procedure § 2727 (3d ed. 1998).  The
ultimate burden of persuasion as to the non-existence of any
genuine issues of material fact remains on the moving party.
<u>Nissan Fire & Marine Ins. Co. v. Fritz Cos.</u>, 210 F.3d 1099, 1102
(9th Cir. 2000); <u>accord</u> <u>Dye v. United States</u>, 121 F.3d 1399, 1409
(10th Cir. 1997).

362 (9th Cir. 2004); <u>Eldridge v. Block</u>, 832 F.2d 1132, 1137 (9th Cir. 1987).  When a plaintiff proceeds pro se and technically violates a rule, the court should act with leniency toward the pro se litigant.  <u>Draper v. Coombs</u>, 792 F.2d 915, 924 (9th Cir. 1986); <u>Pembrook v. Wilson</u>, 370 F.2d 37, 39-40 (9th Cir. 1966). However, "a pro se litigant is not excused from knowing the most basic pleading requirements."  <u>American Ass'n of Naturopathic Physicians v. Hayhurst</u>, 227 F.3d 1104, 1107-08 (9th Cir. 2000) (citations omitted).

## III. Discussion

The Court deems admitted all of the material facts set forth in Defendant's Concise Statement because Plaintiffs have not controverted those facts through a separate concise statement.  <u>See</u> L.R. 56.1(g) ("For purposes of a motion for summary judgment, material facts set forth in the moving party's concise statement will be deemed admitted unless controverted by a separate concise statement of the opposing party.").  Moreover, Plaintiffs have not submitted any evidence whatsoever in response to the Motion.[5]

---

[5] The Court notes that in deciding the Motion for Summary Judgment, it has considered the exhibits attached to Plaintiffs' Complaint.

**A.    Defendant Has No Current Interest in the Note**

Defendant argues that it is entitled to dismissal or summary judgment because it does not own the Note or Mortgage and has no right or power to adjust the amount owed by Plaintiffs on the Note or to recognize any claimed payment.  <u>See</u> Memo in Support at 7-9.  Plaintiffs make no opposition to Defendant's argument.

Specifically, Defendant argues that, putting the merits of the claim aside, "Plaintiffs have erred at the threshold by naming Countrywide as the defendant because Countrywide no longer owns the Note or Mortgage and has no right or interest therein, and therefor has no rights with respect to Plaintiffs' alleged satisfaction of the Note."  Memo in Support at 7.  Defendant admits that it was the prior mortgagee, but claims that it assigned the Note and Mortgage, including all of its rights and interests therein and all claims Defendant may have had against Plaintiffs, to the United States Department of Housing and Urban Development ("HUD").  <u>Id.</u>

As evidence of Defendant's assignment of the Note and Mortgage, Defendant submits an Assignment of Mortgage between assignor, Countrywide Financial Corporation (f/k/a Countrywide Home Loans, Inc. and Countrywide Funding Corporation), and assignee, the Secretary of Housing and Urban Development (a/k/a Secretary of the Department of Housing and Urban Development).

7

See Pl. Con. St., Ex. AA (Assignment of Mortgage).  The

Assignment of Mortgage, dated March 22, 2005, states that:

> [T]he Assignor does hereby sell, assign, transfer, set
> over and deliver unto the Assignee, its successors and
> assigns, the mortgage hereinafter described, together
> with the promissory note thereby secured, and together
> also with all the right, title and interest of the
> Assignor in and to the property covered by the
> following mortgage: [issued to Mortgagor Betty Jean L.
> Kamoku].

Id. at 1-2.

Plaintiffs offer no evidence to refute the Assignment

of Mortgage.  Based on the Assignment of Mortgage, the Court

finds that the Note and Mortgage, and all of Defendant's rights

and interests therein, were assigned by Defendant to HUD on March

22, 2005.

Once a mortgagee (like Defendant Countrywide) assigns a

note and mortgage, that prior mortgagee no longer has any right

or interest in, or control over, either the note or the mortgage.

See, e.g., Associates of Selma, Inc. v. Whetstone, 628 So.2d 578,

579-580 (Ala. 1993) (mortgagee loses all rights in mortgage and

note once it makes an unconditional assignment of the mortgage

and note; after assignment, assignee is a necessary party to an

action brought by assignor against mortgagor for recovery of

deficiency on the note); Halisey v. Howard, 172 A.2d 379, 380

(Conn. 1961) (assignment of note and mortgage effectively

deprived assignor of all control over the note and mortgage);

Lawyers Title Ins. Co. v. Novastar Mortgage, Inc., 862 So.2d 793,

798 (Fla. Dist. Ct. App. 2003) (in the context of assignment of a mortgage and note, "[i]t is well-established that an assignment transfers to the assignee all the interests and rights of the assignor in and to the thing assigned"); Bank One, NA v. Dillon, No. 04CA008571, 2005 WL 956966 at *2 (Ohio Ct. App. Apr. 27, 2005) ("once the mortgage is assigned, all interest in the mortgage passes to the assignee, while the assignor (original or previous mortgagee) has no further interest to be affected").

Since Defendant no longer has any interest or rights in or control over the Note or Mortgage, Defendant has no power to provide Plaintiffs with the relief they seek - Defendant cannot adjust the amount owed under the note or recognize any payment on the note that Plaintiffs purport to have made.  See, e.g., In re Stralem, 758 N.Y.S.2d 345, 347 (N.Y. App. Div. 2003) (once original mortgagee assigned the note and mortgage to assignee, the original mortgagee could not thereafter forgive the amount the mortgagor owed under the note).

For this reason and in the absence of any written opposition from Plaintiffs, the Court finds that summary judgment in favor of Defendant is appropriate.

**B.   Decision of the So-Called International Tribunal**

Furthermore, this Court declines to give res judicata effect to the purported "Default and Entry of Default Judgment" or "Default Judgment - Decision," issued by the so-called "International Tribunal" and attached to the Complaint.[6]

First, the International Tribunal does not appear to have any authority or power over Defendant.  See 2 Am. Jur. 2d Administrative Law § 409 (2d ed. 2004) ("A court or agency has subject matter jurisdiction of an action if the case is one of the type of cases that the court or agency has been empowered to entertain by the sovereign from which the court or agency derives its authority.").  Although the International Tribunal is apparently located in Kailua-Kona, Hawaii, this Court can find no indication or evidence that the International Tribunal has been empowered by the United States or the State of Hawaii to entertain the purported action against Defendant.  Nor has Defendant consented to participate in any proceeding before that tribunal.

Second, this Court has been presented with no indication or evidence that the International Tribunal was acting in a judicial capacity, including providing notice to the

---

[6]The doctrine of res judicata bars claims where there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties."  Hells Canyon Preservation Council v. United States Forest Service, 403 F.3d 683, 686 (9th Cir. 2005).

defendant, holding a hearing, taking testimony, or offering an opportunity to subpoena evidence or test any contention by confrontation.   See Public Util. Dist. No. 1 v. FEMA, 371 F.3d 701, 708 (9th Cir. 2004) (declining to give res judicata effect to a determination made by an agency that was not acting in a judicial capacity).   The Court declines to give res judicata effect to a decision issued by a tribunal that was not acting in a judicial capacity, in which the defendant did not have a adequate notice or opportunity to litigate.   Id.

        Finally, the apparent plaintiff (or "affiant") in the purported decision issued by the International Tribunal is not one of the named plaintiffs in this case and Plaintiffs here have not demonstrated that there is any privity between them and that plaintiff.   See Hells Canyon Preservation Council, 403 F.3d at 686 (privity between parties is required for res judicata to bar a claim).[7/]

## IV.  Conclusion

        For the foregoing reasons, Defendant's Motion for Summary Judgment is granted.

_____

        [7/]Lorraine Kamoku is the apparent plaintiff in the International Tribunal's decision.  In this case before the U.S. District Court for the District of Hawaii, the magistrate judge denied a motion by Lorraine Kamoku to intervene, finding that Lorraine Kamoku and Richard Spinney did not establish that they have a significantly protectable interest in the loan account at issue and did not identify what their claims are in this case. See, supra, footnote 1.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, July 31, 2006.



_____
Alan C. Kay
Sr. United States District Judge

Kamoku v. Countrywide, Civ. 06-00037 ACK/LEK, Order Granting Defendant's
Motion for Summary Judgment.